E-FILED-4/13/16
LINK#92

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH LE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STARBUCKS CORPORATION, a Washington Corporation; VINEYARD PAVILLION, and DOES 1 through 10,<br><br>　　　　　Defendants. | CASE NO. 5:15-cv-00600-PSG(FFMx)<br><br>[~~PROPOSED~~] JUDGMENT<br><br>The Honorable Philip S. Gutierrez<br>Trial Date:　　May 10, 2016 |

4838-7773-9822.1

1

JUDGMENT

1       The Motions for Summary Judgment by Defendant, Starbucks Coffee Company, erroneously sued as Starbucks Corporation and plaintiff Hoang Minh Le, were taken under submission on April 8, 2016.

      On April 11, 2016, having considered the moving, opposition and reply papers, as well as the evidence, this Court denied plaintiff Hoang Minh Le's motion for summary judgment and granted defendant Starbucks Coffee Company's motion for summary judgment. The Court finds that Judgment is hereby entered in favor of Starbucks Coffee Company and against plaintiff Hoang Minh Le in accordance with the Court's Order of April 11, 2016, attached hereto.

      IT IS ORDERED, ADJUDGED, AND DECREED that JUDGMENT be entered in favor of defendant Starbucks Coffee Company and against plaintiff Hoang Minh Le on his claims of violations of the Americans with Disabilities Act of 1990.

      The Court hereby DISMISSES without prejudice Plaintiff Hoang Minh Le's claims under the California Unruh Civil Rights Act, the California Disabled Persons Act, the California Health and Safety Code and the California Business & Professions Code.

DATED: __4/14/16__

**PHILIP S. GUTIERREZ**
HON. PHILIP S. GUTIERREZ
United States District Judge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's Motion for Summary Judgment and GRANTING Defendant's Motion for Summary Judgment

Before the Court are Plaintiff Hoang Minh Le and Defendant Starbucks Coffee Company's Cross-Motions for Summary Judgment. Dkts. #49, 55. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7–15. After considering the moving, opposing, and reply papers, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment.

I.   Background

Plaintiff is a T-12 paraplegic who is confined to a wheelchair. *Le MSJ Decl.* ¶2. Plaintiff states that on March 11, 2015, he drove to Defendant's store located at 2570 S. Vineyard Ave., Ontario, California 91761 ("Starbucks Store"). *Id.* ¶3; *Singh Opp. Decl.* ¶2, Ex. A ["Le Depo."] at 21:25–22:9.[1] Plaintiff lives three miles from the Starbucks Store and frequents the area

---

[1]   In his declaration in support of summary judgment, Plaintiff states that he visited the Starbucks Store in April 2015. *Le MSJ Decl.* ¶3. This date is repeated throughout Plaintiff's motion for summary judgment and opposition to Defendant's motion for summary judgment. *See, e.g.*, *P's MSJ* 2; *P's Opp.* 3. Defendant notes that this date is inconsistent with the date alleged in the First Amended Complaint and testified to at Plaintiff's deposition, *see D's Opp.* 6–7 (citing *FAC* ¶9 and *Le Depo.* at 21:25–22:9), and disputes some of Plaintiff's submitted evidence on this ground, *see Defendant's Statement of Genuine Disputes* ("*D's SGD*") ¶¶6, 8, 13. Plaintiff responds that the April 2015 date was a typographical error, and that Defendant does not dispute that Plaintiff visited the Starbucks Store on March 11, 2015. *P's Resp. to D's SGD* ¶¶6, 8, 13. Although Plaintiff should have been more careful in preparing his materials, the Court agrees that it is clear to all parties that the date was supposed to be March 11, 2015, and there is no dispute that Plaintiff went to the store on that date. The Court will therefore assume that all evidence submitted by Plaintiff discussing the April 2015 date is meant to refer to events on March 11, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

around it for dining and entertainment. *Le MSJ Decl.* ¶3. Plaintiff states that he was unable to exit his vehicle and go inside of the Starbucks Store because of a "trench" near his parking spot that he believed would be dangerous to cross. *Le Depo.* at 22:18–23:15, 24:9–25:25, 28:5–7, 33:12–34:15, 36:14–37:3, 42:5–17.

Plaintiff states that, from his car, he saw that a trash can was blocking the clear space in front of an entrance to the Starbucks Store that would have prevented him from entering. *Le MSJ Decl.* ¶3; *Le Depo.* at 22:24–23:1, 28:1–28:11, 29:23–31:3, 37:13–18, 42:11–17, 43:2–44:2, 44:20–23.[2] Plaintiff testified that he was unaware that the Starbucks Store contained a second entrance. *Id.* at 44:3–44:5. Plaintiff also testified that the door looked too heavy for him to open. *Le Depo.* at 29:3–22.

Plaintiff filed a complaint against Defendant and Celda Inc. ("Celda") on March 27, 2015. In July 2015, Plaintiff filed a first amended complaint ("FAC"). Dkt. #27. The FAC replaced Celda with Vineyard Pavillion ("Vineyard"). *Id.* The FAC alleged that Vineyard owned the property, which Defendant leased for the Starbucks Store. *FAC* ¶2. Plaintiff described the alleged architectural barriers as follows:

> To the extent known by Plaintiff, the barriers at the Property and the Store included, but are not limited to the following:
>
> a. The access aisle and accessible routes have slopes and cross slopes that exceed 2.0%. Without a level parking space, it becomes difficult for Plaintiff to unload/transfer from his vehicle as his wheelchair rolls. Without accessible routes leading from the accessible parking to accessible entrances, it becomes difficult for Plaintiff to access the property.
>
> b. The accessible routes crossed a drainage ditch which created an unsafe change in level making it difficult for Plaintiff to access the Property.
>
> c. The accessible routes led to inaccessible entrances, and the Property did not have appropriate signage directing Plaintiff to accessible entrances.

---

[2] Defendant argues that Plaintiff lacks foundation and personal knowledge for these statements because he did not actually go up to the entrance. But whether Plaintiff could sufficiently see the entrance from his car to make these determinations is an issue of fact not amenable to determination at summary judgment. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987); *see also infra* note 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

    d.  Entrances at the Property were not accessible, including but not limited to entrances without sufficient strike side clearance; entrances without accessible signage, and entrances requiring excessive force to open.

    e.  On information and belief, Plaintiff also alleges that the tables and restrooms in the Property were not accessible.

*Id.* ¶13.  Plaintiff included causes of action for (1) "damages and injunctive relief for denial of full and equal access to public facilities in a public accommodation" under California law; (2) "violation of California law including:  the Unruh Act, civil code §§ 51, 52 and the Americans with Disabilities Act as incorporated by civil code section 51(f)"; (3) "violation of the Americans with Disabilities Act of 1990 (42 USC §§ 12101 *et seq.*)"; and (4) "violation of the [California] Unfair Competition Act."  *Id.* ¶¶16–44.  Vineyard has since been dismissed from the case.  Dkts. #85, 89.

    In December 2015, Certified Accessibility Specialist Afshan Afshar ("Afshar") visited the Starbucks Store on Plaintiff's behalf.  *Afshar MSJ Decl.* ¶¶1–2.  After visiting the Starbucks Store, Afshar prepared a Disabled Access Compliance Report detailing her findings.  *Id.* ¶3, Ex. A ("Disabled Access Compliance Report" or the "Report").  The Report found that, among other things, the bar countertop was too high for Plaintiff to reach, there was insufficient maneuvering space in the restroom, and the grab bars in the restroom were not properly configured.  *See Disabled Access Compliance Report* Item Nos. 14, 20–22, 25–26.  Plaintiff states that he reviewed the Report and became aware of these barriers.  *Le MSJ Decl.* ¶¶4–7.[3]  Plaintiff states that these barriers deterred him from returning to the store at some point in January 2016.  *Id.* ¶8.

    In February 2016, the parties filed cross-motions for summary judgment.  Dkts. #49, 55.

II.    <u>Legal Standard</u>

    A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[3]    Defendant objects to this section of Plaintiff's declaration because it argues that Plaintiff is merely repeating what someone else told him.  *D's Objs. to P's Decl.* 3–8 (arguing that Plaintiff's statements lack foundation and are not based on personal knowledge in violation of Federal Rules of Evidence 601 and 602); *see also D's SGD* ¶¶9–12, 14.  To the extent Plaintiff uses these statements to establish that violations existed, the Court agrees.  The Court disagrees, however, to the extent these statements are used to support that Plaintiff was made aware of the barriers discussed in the Disabled Access Compliance Report after reading it.  *See P's Resp. to D's Objs.* 4–10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A disputed fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the nonmoving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III.    Discussion

     A.    The Americans with Disability Act

Plaintiff's sole federal claim, Count Three, is for violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq. See* FAC ¶¶28–35. Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation," 42. U.S.C. § 12181(a), and includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable" as a form of actionable discrimination, *id.* § 12181(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). "In addition, '[t]o succeed on an ADA claim of discrimination on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable.'" *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (quoting *Parr v. L & L Drive–Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)); *accord McComb v. Vejar*, No. 2:14-CV-00941-RSWL-E, 2014 WL 5494017, at \*6 (C.D. Cal. Oct. 28, 2014).

Individuals suing under Title III are only entitled to injunctive relief. *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002). A disabled individual who personally encounters an accessible barrier and will be harmed by that barrier in the future (either because he has intent to return or is deterred from returning) has standing to sue under the ADA for the existence of that barrier, as well as any other barriers that exist in the accommodation that relate to his disability, even if he never personally encountered the additional accessible barriers. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944–53 (9th Cir. 2011) (en banc).

Plaintiff argues that summary judgment should be granted in his favor because he is a paraplegic who encountered accessibility barriers on March 11, 2015 at the Starbucks Store (namely, the entrance), barriers currently exist at the Starbucks Store that affect his disability, he would return to the Starbucks Store if those barriers were ameliorated, and the removal of all barriers is readily achievable. *P's MSJ* 5–9. Defendant argues that summary judgment should be entered in its favor because the barriers upon which Plaintiff bases his case were not sufficiently alleged in the FAC. *D's MSJ* 6–7; *D's Opp.* 2–5. The Court agrees with Defendant.[4]

The parties do not dispute that an ADA plaintiff must give a defendant fair notice, pursuant to Federal Rule of Civil Procedure 8, of the architectural barriers for which he seeks

---

[4] Defendant also argues that Plaintiff lacks standing and the ADA claim is moot because all barriers have been fixed. *D's Opp.* 5–9. Defendant argues that Plaintiff lacks standing because he never personally encountered any barriers at the Starbucks Store (as he never exited his car), and did not sufficiently plead a personal encounter or intent to return in the FAC. *Id.* 5–8. The Court, however, finds that whether Plaintiff's view of the entrance from his car was sufficient to qualify as a personal encounter and whether Plaintiff had intent to return are triable issues of fact not amenable to determination at this stage. And, to the extent Plaintiff failed to sufficiently plead standing, the Court may amend the pleadings under 28 U.S.C. § 1653. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907–08 (9th Cir. 2011). The Court also need not analyze mootness because, as will be discussed, it does not believe that any architectural barriers are properly before it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

relief, and that a court may decline to consider any architectural barrier at the summary judgment stage that was not sufficiently pleaded. Plaintiff seeks summary judgment on two architectural barriers—(1) he contends that there is insufficient seating because Americans with Disabilities Act Accessibility Guideline ("ADAAG") § 226.1 states that at least 5 percent of seating spaces must be accessible, and ADAAG § 910 states that the tops of dining surfaces must be between 28 and 34 inches high, but the bar seating is at least 43 inches high; and (2) he contends that there is insufficient maneuvering clearance in the bathroom because ADAAG § 404.2.4.1 "require[s] that when the approach direction to a door is from the hinge side, there must be at least 36 inches of maneuvering clearance parallel to the doors, and at least 60 inches adjacent to the door," but the restroom only has an 18 inch maneuvering space parallel to the door and 59 inches perpendicular to the door. *P's MSJ* 7–8. Plaintiff also mentions other architectural barriers in his declarations, including improperly configured grab bars in the restroom, a trash can interfering with the clear space in front of the restroom, an out-of-reach wireless charger, and lavatory sinks, coat hooks, soap dispensers, and mirrors that were too high. *See Le MSJ Decl.* ¶7; *Le Opp. Decl.* ¶¶7, 10; *Le Reply Decl.* ¶2.

The FAC included three allegations about accessibility barriers that pertain to the Starbucks Store:

> c. The accessible routes led to inaccessible entrances, and the Property did not have appropriate signage directing Plaintiff to accessible entrances.
>
> d. Entrances at the Property were not accessible, including but not limited to entrances without sufficient strike side clearance; entrances without accessible signage, and entrances requiring excessive force to open.
>
> e. On information and belief, Plaintiff also alleges that the tables and restrooms in the Property were not accessible.

*FAC* ¶11.[5] Defendant argues that Plaintiff cannot move for or defeat summary judgment with the barriers identified in his briefing papers because they were not sufficiently pleaded under the Ninth Circuit's decisions in *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963 (9th Cir. 2006), and *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011). *D's MSJ* 6–7; *D's MSJ Opp.* 2–5. Plaintiff argues that all barriers were sufficiently alleged pursuant to the Ninth Circuit's decision in *Skaff v. Meridien North American Beverly Hills, LLC*, 506 F.3d 832 (9th Cir. 2007) (per curiam). *P's Opp.* 8–13; *P's Reply* 2–7.

---

[5] The other allegations, dealing with the parking lot and outdoor paths, pertain to accessibility barriers that were the responsibility of Vineyard. *See D's MSJ* 4–6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

In *Skaff*, a disabled individual alleged that the shower in his room in the defendant's hotel violated the ADA because it lacked a wall-hung shower chair. 506 F.3d at 835–36. He alleged that a compliant shower was later provided. *Id.* at 836. He also alleged "more generally that during the course of his stay at the Hotel, [he] encountered numerous other barriers to disabled access, including path of travel, guestroom, bathroom, telephone, elevator, and signage barriers to access, all in violation of federal and state law and regulation." *Id.* at 836 (internal quotation marks omitted). The parties settled the case, but the district court denied a motion for attorney's fees and costs because "the only ADA or state law violations [the plaintiff] alleged in his complaint were the problems with the shower, and because [the defendant] remedied those problems promptly during [the plaintiff]'s visit, the district court concluded that his complaint did not allege an 'injury in fact.'" *Id.* at 836–37.

The Ninth Circuit reversed. The court found that the district court erred by focusing solely on the allegations related to the shower because the plaintiff's complaint listed a number of other barriers that he allegedly encountered. *Id.* at 840–41. The court explained that these other, more general allegations, while succinct, were sufficient under Federal Rule of Civil Procedure 8 "to give the defendant fair notice of the factual basis of the claim and of the basis for the court's jurisdiction." *Id.* at 841–43. The court thus found that the general allegations of accessibility barriers that the plaintiff encountered were sufficient allegations of injury-in-fact. *Id.*

*Oliver* addressed whether a district court properly refused to consider at summary judgment barriers identified in an expert report that were not previously identified in the complaint. 654 F.3d at 908. The plaintiff's complaint sought injunctive relief for eighteen separate architectural features, but his motion for summary judgment relied on an expert report that identified twenty accessibility barriers, only some of which overlapped with those in the complaint. *Id.* at 905–06. The Ninth Circuit, applying its earlier decision in *Pickern*, held that the plaintiff could not move for summary judgment on accessibility barriers for which the defendant had not properly received fair notice under Rule 8. The court wrote: "Where the claim is one of discrimination under the ADA due to the presence of architectural barriers at a place of public accommodation, we have held that the relevant 'grounds' are the allegedly non-compliant architectural features at the facility. Thus, in order for the complaint to provide fair notice to the defendant, each such feature must be alleged in the complaint." *Id.* at 908 (citation and internal quotation marks omitted). *Oliver* does not mention *Skaff*. *See generally id.*

Courts have applied a number of approaches to ADA pleading in the wake of *Skaff* and *Oliver*. Some courts apply the analysis in one case without acknowledging that the other case exists. *Compare, e.g.*, *Johnson v. Roque*, No. 1:13-CV-1628-AWI-SMS, 2013 WL 6574073, at *3 (E.D. Cal. Dec. 13, 2013) (applying *Skaff*), *report and recommendation adopted*, No. 1:13-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

CV-1628-AWI-SMS, 2014 WL 791521 (E.D. Cal. Feb. 25, 2014), *with Love v. Azzam*, No. EDCV15627JGBKKX, 2015 WL 7566492, at *3–4 (C.D. Cal. Nov. 24, 2015) (applying *Oliver*), *and Gray v. Cty. of Kern*, No. 114CV00204LJOJLT, 2015 WL 7352302, at *10–13 (E.D. Cal. Nov. 19, 2015) (same). Others note the existence of both cases, but specifically choose to rely on one of them. *Compare, e.g.*, *Carr v. L.A. Fitness Int'l LLC*, No. SACV 12-1071-JST, 2013 WL 3851230, at *5–6 & n.7 (C.D. Cal. July 23, 2013) (applying *Oliver* and rejecting reliance on *Skaff* because it was a standing case), *and Chapman v. Chevron Stations, Inc.*, No. 1:09-CV-1324 AWI SMS, 2011 WL 4738309, at *4 n.3 (E.D. Cal. Oct. 5, 2011) (following *Oliver* in part because *Skaff* focused on standing), *with Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152, 1156–58 (N.D. Cal. 2011) (mentioning *Oliver*, but analyzing the pleading standard pursuant to *Skaff*). Finally, some courts have attempted to reconcile the two decisions:

> Contrary to the parties' arguments, *Skaff* and *Oliver* are compatible because each dealt with very different pleading approaches by the plaintiffs. While the *Skaff* plaintiff pled the alleged accessibility barriers very generally, the Oliver plaintiff pled a detailed, comprehensive list of barriers. For example, in *Skaff*, plaintiff pled simply that barriers existed in the bedroom, which the Ninth Circuit found sufficient under Rule 8. Important to this pleading approach is that it notifies defendant that discovery is needed to determine the exact barriers in the bedroom. In this way, ADA cases are no different than other cases where discovery is needed to determine all of plaintiff's theories supporting the causes of action pled in the complaint.
>
> On the other hand, the *Oliver* plaintiff's approach left little doubt about what was wrong with the facility. For example, plaintiff alleged that the operable part of the hand dryer was improperly mounted more than 40 inches from the floor. This level of specificity necessarily precludes a plaintiff from later alleging another defect with respect to the hand dryer.

*Sharp v. Islands Cal. Ariz. LP*, 900 F. Supp. 2d 1101, 1107 (S.D. Cal. 2012); *accord Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 927 (N.D. Cal. 2013).

    The Court believes that *Oliver* must guide the analysis. Although the *Skaff* decision discussed pleading standards, the specific question in *Skaff* was whether the plaintiff had sufficiently alleged injury-in-fact. *See Carr*, 2013 WL 3851230, at *6 n.7 ("[T]he *Skaff* court dealt with issues of standing and not with fair notice under Rule 8."); *Chapman*, 2011 WL 4738309, at *4 n.3 ("As for *Skaff,* the question at issue in that case was whether the plaintiff had made sufficient allegations to show an injury in fact, and thus standing."). *Oliver*, in contrast, specifically addressed fair notice. *See Chapman*, 2011 WL 4738309, at *4 n.3 ("The relevant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

discussion in *Oliver* was not about standing, rather it was about Rule 8's requirements for alleging a Title III ADA claim and identifying architectural barriers.").

Moreover, "[w]hile there may be some tension between the Ninth Circuit's *Skaff* and *Oliver* decisions, *Oliver* is the Ninth Circuit's most recent case on pleading in the disability access context, and therefore cannot simply be ignored as contrary to *Skaff*." *Gray v. Golden Gate Nat. Recreational Area*, 866 F. Supp. 2d 1129, 1137 (N.D. Cal. 2011). Thus, the Court must follow *Oliver*'s requirement that "each [architectural barrier] must be alleged in the complaint" in order for the defendant to receive "fair notice." 654 F.3d at 908. This gives the Court pause about adopting the *Sharp* court's reconciliation of the two decisions, as Plaintiff urges. *See P's Opp.* 10–11; *P's Reply* 4–5. Reading *Oliver* as addressing only one possible pleading standard would seemingly ignore *Oliver*'s language about pleading all architectural barriers at issue. And, more problematically, an additional pleading standard under *Skaff* would undercut the decision in *Oliver*; it is hard to imagine any plaintiff choosing the *Oliver* standard when he could generally allege under *Skaff* and then flesh out his theories later in the case.

Plaintiff argues that applying the *Oliver* standard of pleading to all barriers in his FAC would impermissibly impose a heightened pleading standard. *P's Reply* 4; *see Skaff*, 506 F.3d at 841–42 (noting that there is no heightened pleading standard in ADA cases). The Court disagrees. *Oliver* simply requires that all architectural barriers upon which a plaintiff seeks relief be alleged in the complaint. Nothing in *Oliver* requires any sort of heightened specificity in describing these architectural features beyond the factual allegations necessary to allow the features to be identified.

The question is thus whether Plaintiff sufficiently gave Defendant fair notice of the numerous violations relating to the seating and restrooms at the Starbucks Store by stating "[o]n information and belief, Plaintiff also alleges that the tables and restrooms in the Property were not accessible." *FAC* ¶ 13. The Court finds that he did not. Instructive here is Judge O'Neill's analysis in *Gray*, which applied *Oliver* to various architectural barriers at summary judgment:

a. Patient Room Bathrooms

In his motion for summary judgment, Plaintiff seeks to use as grounds for his claim barriers in patient room bathrooms, as follows:

> The strike side clearance was a foot short. The foot-pedal operated sinks were unusable without risk of injury to wheelchair users. The restroom door was too narrow, and the grab bars were nonexistent. Mr. Gray encountered these conditions both in October 2011 and in July 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

*See* Doc. 20 at 13:11–15.

However, the complaint states only that the offending characteristics of the patient-room bathrooms are "[i]naccessible and unusable restroom facilities and showers in patient rooms." This broad statement is a legal conclusion. The statement does not identify any specific barriers for which the plaintiff seeks injunctive relief. The Court concludes that the statement is insufficient to satisfy Rule 8.

b. Public Restrooms

Rather than the two bathrooms identified in the complaint, Plaintiff's motion for summary judgment suggests problems with "numerous" public restrooms. Doc. 20–1 at 13:20–21. Plaintiff also lists problems about urinals, toilet locations, mirrors and soap dispensers being too high "throughout the facility," inadequate toilet compartments, and the lack of grab bars and pipe insulation. *Id.* Yet Plaintiff identifies only two public restrooms in his complaint, and describes barriers in these as, "among other things," having "incorrectly mounted amenities," such as "soap, toilet seat covers, etc.," and "the doors require excessive pressure to open." *Compl.* ¶ 20.

The Court finds that Plaintiff's statements about mounted amenities and door pressure serve to identify specific barriers in the two bathrooms for which Plaintiff seeks injunctive relief, thus satisfy Rule 8. However, the "numerous" public restrooms and related barriers (the urinals, toilet locations, mirrors, toilet compartments, slopes within the compartment, grab bars, and water pipes) are not included in the complaint and thus do not satisfy Rule 8's notice requirement.

2015 WL 7352302, at *11–12. Comparing *Gray* to this case, the Court finds that Plaintiff's allegations are nowhere close to the allegations about public restrooms found sufficient by Judge O'Neill, and are possibly even more vague and conclusory than the allegations about patient bathrooms that he found inadequate.[6] The Court therefore does not believe that Defendant had fair notice of the architectural barriers relating to the seating and restrooms for which Plaintiff now seeks relief at summary judgment.

The Court also notes that Plaintiff made no effort to amend his complaint once he learned about the nature of the violations in the Disabled Access Compliance Report in December 2015.

---

[6] The Court need not consider whether Plaintiff's other allegations about the Starbucks Store are sufficient under *Oliver* because Plaintiff does not mention or include any evidence about external or entrance architectural barriers that presently exist at the Starbucks Store.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

*Id.* at *10–11. Plaintiff argues that Defendant purposefully prevented him from conducting a compliance inspection until after the pleadings period had ended, and that requiring a plaintiff to plead all architectural barriers would allow gamesmanship by a defendant. *P's Reply* 7 & n.1. Plaintiff, however, ignores that the scheduling order can be modified for good cause pursuant to Federal Rule of Civil Procedure 16(b)(4). The Court is thus fully equipped to deal with bad faith actions by an ADA defendant.

The Court will therefore not consider any of the architectural barriers related to the bathroom or the tables at the Starbucks Store because Defendant did not receive fair notice of them from the FAC. As these are the sole architectural barriers for which Plaintiff seeks relief (or even discusses in the briefing papers), the Court DENIES Plaintiff's motion for summary judgment. And, because there is no evidence of any noncompliant barriers that is properly before the Court, the Court GRANTS Defendant's motion for summary judgment.

    B.    <u>State Law Claims</u>

Plaintiff's first, second, and fourth counts are state-law claims. Because the Court has dismissed all federal claims, it must decide whether to exercise supplemental jurisdiction over the state claims. *See Myoungchul Shin v. Uni-Caps, LLC*, No. SACV141387JFWPJWX, 2016 WL 241465, at *3 (C.D. Cal. Jan. 20, 2016). 28 U.S.C. § 1367, which controls supplemental jurisdiction, states that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise jurisdiction, a court considers "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997). Whether the Court ultimately decides to exercise jurisdiction is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).

Plaintiff argues that the Court should exercise supplemental jurisdiction because the state-law claims are predicated entirely on ADA claims, the parties have filed cross-motions on the state-law claims, and discovery is complete, so the "values of economy, convenience, fairness and comity" favor the exercise of jurisdiction. *P's Opp.* 21. Plaintiff also cites to cases in which the court continued to exercise jurisdiction even after finding the ADA claim(s) mooted. *See id.* 21–22 (citing *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005), *LaFleur v. S & A Family, LLC*, No. SA CV 13-01297-MWF, 2014 WL 2212018, at *3 (C.D. Cal. May 13, 2014), and *Kittok v. Ralphs Grocery Co.*, No. ED CV08-1627CAS(RCX), 2009 WL 2246238, at *4 (C.D. Cal. July 27, 2009)). Although Plaintiff's case cites are accurate, the Court notes that courts also routinely decline to exercise supplemental jurisdiction after dismissal of the ADA claims. *See, e.g.*, *Myoungchul Shin*, 2016 WL 241465, at *3; *Love*, 2015 WL 7566492, at *4–5;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |

*Vogel v. OM ABS, Inc.*, No. CV 13-01797 RSWL JEM, 2014 WL 4054257, at *5 (C.D. Cal. Aug. 12, 2014).

In determining whether to exercise jurisdiction, the Court finds persuasive the analysis of Chief Judge King:

> All claims under the ADA have now been dismissed. The primary responsibility for developing and applying state law belongs to the state courts. In the interest of comity and fairness, we decline to exercise supplemental jurisdiction over Plaintiff's related state law claims. *Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996) ("When a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice."). Moreover, keeping state law claims in this Court after the ADA claims have been dismissed would actively frustrate the ADA's goals of providing quick relief for individuals currently facing structural barriers in places of public accommodation, as it would take away federal resources that could otherwise be devoted to handling ADA claims. *See Gasper v. Marie Callender Pie Shops*, 2006 U.S. Dist. LEXIS 96929, at *9 (C.D. Cal. June 27, 2006).

*Kohler v. In-N-Out Burgers*, No. CV 12-5054-GHK JEMX, 2013 WL 5315443, at *8 (C.D. Cal. Sept. 12, 2013). The Court also notes that in light of the determination that the architectural barriers for which Plaintiff seeks relief were improperly pleaded, the Court did not need to examine in-depth Plaintiff's arguments that those architectural barriers violated the ADA (or any other law). Thus, exercising supplemental jurisdiction would require more than a minimal additional exertion of judicial resources.

The Court therefore DECLINES to exercise supplemental jurisdiction.

IV.  Conclusion

The Court therefore DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment. The Court also DECLINES to exercise supplemental jurisdiction over the state-law claims and DISMISSES them WITHOUT PREJUDICE to refiling in state court.

Defendant must submit a judgment to the Court consistent with this Order by **April 25, 2016**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-600 PSG (FFMx) | Date | April 11, 2016 |
|---|---|---|---|
| Title | Hoang Minh Le v. Starbucks Corporation, *et al.* | | |